ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARKO, INC., | ) | |
| | ) | CASE NO. 5:06CV1374 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| MEGABLOKS, INC., | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant MegaBloks, Inc.'s Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b). Defendant argues that Plaintiff Darko, Inc. failed to effect service of process and, as a result, has not established that this Court has personal jurisdiction over Defendant. For the reasons that follow, the Court agrees and hereby GRANTS Defendant's Motion to Dismiss.

**I. Facts & Procedural History**

Plaintiff, an Ohio corporation, filed suit in state court against Defendant, a Canadian company with its primary place of business in Montreal. After filing suit, Plaintiff served Defendant with a copy of the complaint and a summons via registered mail. Defendant removed the case to this Court and, subsequently, filed its Motion to Dismiss. Defendant argued that it had not received proper notice under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. § 361 (the "Hague Convention"). Plaintiff responded by first arguing that Ohio state law and Fed. R. Civ. P. 4(f) allow for service by registered mail despite the Hague Convention's requirements, and second by serving Defendant in person with a copy of the complaint. Defendant replied by noting that the personal service did not comply with Canadian law, which requires complaints be translated into French.

**II. Law & Analysis**

Before this Court may exercise personal jurisdiction over a defendant, the plaintiff must establish that it effected service of process and that proper service was made. *Sawyer v. Lexington-Fayette Urban County Govt.*, 18 Fed. Appx. 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.2d 217, 219 (6th Cir. 1996)); *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1157). To serve a foreign corporation, the plaintiff must do so "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention[.]" Fed. R. Civ. P. 4(f) and (h). If no international agreement exists, or if the agreement allows for other means of service, the plaintiff may effect service by any legal means calculated to give reasonable notice. *Id.* The issue thus becomes whether the Hague Convention applies to this case and, if so, whether Plaintiff complied with its requirements.

Plaintiff argues that the Hague Convention does not apply and, instead, that Ohio procedural rules govern. Plaintiff further contends that, because Ohio procedure permits a party to serve a foreign corporation via mail, it has established its burden of effecting service of process. Plaintiff apparently ignores the fact, however, that ratified treaties such as the Hague Convention preempt conflicting state laws. *E.g. Collins v. Collins*, 165 Ohio App. 3d 71, 75 (1st App. Dist. 2006) (citations omitted). Further, the Hague Convention clearly applies to this case, as Canada is a signatory to the convention and Defendant is a Canadian corporation with its principal place of business in Montreal.

Having determined that the Hague Convention applies, the Court now must consider whether Plaintiff complied with the convention's requirements. The Hague Convention provides that each signatory nation must establish a "Central Authority," which is to receive requests for service coming from parties located in other signatory nations and then arrange for service upon defendants. 20 U.S.T. § 361, Arts. 2-6. According to its website, the Canadian Central

2

Authority does not permit service by mail.[1] As a result, Plaintiff's attempt to serve the complaint and summons via mail did not comply with the Hague Convention or Fed. R. Civ. P. 4(f) and, therefore, is defective.

Despite the Canadian Central Authority's clear prohibition against service by mail, a question still remains as to whether the Hague Convention itself permits service by mail. In addition to establishing Central Authorities, the convention provides that it "shall not interfere with . . . the freedom to *send* judicial documents, by postal channels, directly to persons abroad[.]" 20 U.S.T. § 361, Art. 10(a) (emphasis added). The circuits that have addressed the issue are split as to whether Art. 10(a) permits service by mail. The Fifth and Eighth Circuits have held that the Hague Convention does not permit service by mail -- explaining that "sending" judicial documents fundamentally differs from "serving" complaints. *E.g. Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002) (compiling cases). The Second and Fourth Circuits have explained that Art. 10(a) does permit service by mail. *See Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986). Federal courts, however, have criticized and disapproved the *Ackermann* decision, noting that the Second Circuit's determination that the convention permits service by mail was both dicta and based on a California state case that was later overruled. *E.g. Charas v. Sand Tech. Systems International, Inc.*, 1992 U.S. Dist. LEXIS 15227, at *8 n.2 (S.D.N.Y. Oct. 7, 1992). Further, the Supreme Court has explained that the Hague Convention's use of "the term 'service of process' has a well established technical meaning.'" *Id.* (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988)). Based on the above, the Court finds that the Hague Convention does not permit service by mail and, thus, that Plaintiff did not properly serve Defendant when it mailed a summons and

---

[1] *See* http://www.hcch.net/index_en.php?act=status.comment&csid=392&disp=resdn.

3

a copy of the complaint to Defendant's primary place of business.

The Court also finds that Plaintiff's attempt to personally serve Defendant fails. The Canadian Central Authority requires that "[a]ll documents which commence actions must be translated" into French.[2] While the Canadian Central Authority may allow a party to serve an English-only document, the serving party must so request and demonstrate "that the recipient understands [English]." Here, Plaintiff personally served upon Defendant a copy of the complaint, written only in English. Plaintiff has not indicated that it asked the Central Authority to waive the French-translation requirement or that the recipient -- Mr. Jean-Francois Albert -- understands English. As a result, the Court is constrained to find that, pursuant to Canadian law and the Hague Convention, Plaintiff did not properly serve Defendant.

### III. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss is hereby GRANTED.


IT IS SO ORDERED.


| October 13, 2006 | /s/ John R. Adams |
|---|---|
| Date | John R. Adams |
| | District Judge |

---

[2] *See* http://www.hcch.net/index_en.php?act=status.comment&csid=392&disp=resdn.